## In re ARISTA HAT CO.

District Court. S. D. New York. December 7, 1928.

Shaine & Weinrib, of New York City, for Standard Trading Co.

Jacob B. Goldberg, of New York City, for receiver.

Abel A. Vigard, of New York City, for petitioning creditors.

GODDARD, District Judge. Motions to confirm the reports of the referee in bankruptcy, acting as special commissioner, denying to the respective claimants the right to reclaim merchandise. The claimants each bought from the Arista Hat Company certain accounts, which it represented were due from various purchasers of its merchandise, which had been shipped to them. The agreement entered into between the hat company and the Standard Trading Company was similar to its agreement with the Interborough Industrial Company, in that they both provided that the title to the merchandise itself was to pass to the respective claimant, if the alleged purchaser refused to accept or returned it. Substantially all the merchandise was returned to the hat company, as the orders were fictitious. Thereafter the hat company became a bankrupt, and the merchandise incidental to the accounts bought by the Standard Trading Company was aggregated, and under stipulation has been sold and the proceeds held subject to the reclamation proceeding. The merchandise incidental to the accounts acquired by the Interborough Industrial Company was returned some time prior to the bankruptcy and placed by the hat company with its other stock, and the special commissioner finds, after taking considerable testimony, that the merchandise covered by its agreement has not been identified by this claimant.

The agreements here are so similar to the one passed upon by this Circuit Court of Appeals in Re Livingston & Turk, 205 F. 364, wherein the court, by a majority opinion, held the agreement not to be a pledge or mortgage on the goods in case they were returned, but to be a transfer of title to the merchandise; that this court must hold that the agreements in the case at bar were not mortgages and invalid, because not recorded, as required under the Lien Law. Applying the rule in Re Livingston & Turk, supra, it seems to me to logically follow that the claimant, the Standard Trading Company, is entitled to reclaim the merchandise if they can properly identify it, for, if the title to it did not pass to the fictitious purchaser, as of course it did not, the hat company was in a position to and did convey it to the claimant. The fair inference from the words in the agreements providing for the assignment of all the right, title, and interest of the hat company "to any merchandise that may be returned" is that, if for any reason the purchaser did not accept the merchandise, title to it passed to the claimant, and that it was not the intention, nor should the fact that the hat company misrepresented that they had a purchaser for the merchandise, prevent the title to it from passing to the claimant. It also seems clear that the trustee in bankruptcy, the successor to the Arista Hat Company's rights, should not benefit by the fraud of the hat company. Therefore, if the claimants then acquired absolute title to the merchandise, I can see no reason why they do not have the right to take it if they can identify it as it is conceded the Standard Trading Company has done, but which the special commissioner finds the Interborough Industrial Company has failed to do.

Accordingly the report of the special commissioner is reversed as to the Standard Trading Company, and its claim allowed, and the report of the special commissioner is confirmed as to the Interborough Industrial Company.